[L. A. No. 7430. In Bank.—February 26, 1923.]

## MARY P. HAINES, Respondent, v. JOHN B. FEWKES, Appellant.

NEGLIGENCE — PERSONAL INJURIES — EVIDENCE. — In this action for damages for personal injuries caused by defendant's automobile while plaintiff was crossing a street it is held that under the evidence it was a question for the jury whether or not either of the parties was negligent.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. I. Gilbert for Appellant.

Wm. B. Himrod and S. A. McNeil for Respondent.

WILBUR, C. J.—Plaintiff recovered judgment for personal injuries received by her while crossing Figueroa Street at 18th Street, in Los Angeles, by reason of a collision with defendant's automobile. The defendant appeals, claiming that the evidence is insufficient to show that he was negligent and that the evidence affirmatively established

the contributory negligence of the plaintiff. Appellant's theory is that the plaintiff suddenly ran in front of his automobile while he was proceeding north on Figueroa at a speed of between eight and ten miles per hour, and that the plaintiff, crossing Figueroa Street at 18th from west to east, started through the line of traffic going south on Figueroa and ran in front of his machine before he had the opportunity to either observe her or stop his machine. There was evidence to support this view, but in considering the appeal we must take the evidence most favorable to the plaintiff. According to her testimony the accident occurred about 5:30 P. M., December 10, 1920, when it was comparatively dark and the headlights of the automobiles were lighted. She passed rapidly and successfully through the stream of traffic on the west side of Figueroa, proceeding south, which she states was an almost continuous procession, reached the center of the street where she stopped midway between the north and south bound tracks of the electric railway on Figueroa Street, paused a few moments, and then stepped forward to a position between the rails of the north-bound track. There looking southward she saw approaching her two automobiles with headlights lighted near the east curb of Figueroa Street proceeding northward; that she was not in the line of their travel; that while she remained standing at this point she was struck by the defendant's automobile, which had apparently swerved over toward her from the position in which she first saw it. It is apparent from this statement that she was guilty of no contributory negligence, but that she was making the best of her way across the street through the very heavy traffic on the street at that time.

With reference to the appellant's contention that the evidence fails to show negligence on his part, it is sufficient to say that there was evidence from which the jury might have inferred negligence. On the plaintiff's testimony the jury was justified in inferring that defendant had suddenly swerved to the left, thus bringing the plaintiff in the line of his advance. Defendant testified that the glare of headlights from the automobiles going south affected his vision and that he did not see the plaintiff until the moment of the impact. Under the evidence adduced the question of whether or not either of the parties to the action was negli-

gent was clearly a question for the jury and we are bound by their verdict.

Judgment affirmed.

Waste, J., Seawell, J., Lennon, J., Lawlor, J., Kerrigan, J., and Myers, J., concurred.