[Civ. No. 4878.  First Appellate District, Division Two.—November 29, 1924.]

## MARY T. COLLOM, etc., et al., Respondents, v. FRANCIS V. BLOCH, Appellant.

[1] NEGLIGENCE—PEDESTRIAN KILLED BY AUTOMOBILE—VERDICT—EVIDENCE—APPEAL.—In this action for damages for the death of a pedestrian who was killed by being run over by defendant's automobile, the evidence upon the question of defendant's negligence being conflicting, it cannot be said on appeal that the verdict in favor of plaintiffs is not supported.

[2] ID.—CROSSING STREET — APPROACHING AUTOMOBILE — CONTRIBUTORY NEGLIGENCE.—In the absence of some statutory declaration to that effect, it cannot be said that as a matter of law every pedestrian is guilty of contributory negligence who attempts to cross a public street beyond an intersection when he sees an automobile approaching some forty-five or fifty feet distant.

[3] ID.—SPEED AT INTERSECTION—PEDESTRIANS — CONTRIBUTORY NEGLIGENCE.—The very fact that the Motor Vehicle Act does require motor vehicles to reduce their speed to fifteen miles an hour at street intersections when the driver's view is obstructed and in a business district (and the court will take judicial notice of the fact that both of these conditions existed at the point of collision) may be in itself enough to justify a pedestrian in assuming that he may cross the street in safety when the approaching machine is not less than forty-five or fifty feet distant.

---

1. Reciprocal duty of operator of automobile and pedestrian to use care, note, 51 L. R. A. (N. S.) 990.

Duty of pedestrians to look out for automobiles, notes, 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179. See, also, 2 R. C. L. 1186.

2. See 3 Cal. Jur. 870.

3. See 3 Cal. Jur. 873.

[4] ID.—QUESTION OF FACT.—In such action, the question of contributory negligence was clearly a question of fact which was properly submitted to the jury for determination.

[5] ID.—LAST CLEAR CHANCE DOCTRINE — AVOIDANCE OF INJURY — INSTRUCTIONS.—In such action, error in a given instruction upon the last clear chance doctrine resulting from the omission of the element that the doctrine applies only where the negligence of the injured person is remote and not the proximate cause of the accident, or, in other words, where the plaintiff cannot and the defendant can avoid the injury, was cured by the giving of correct instructions upon the subject of contributory negligence. (On petition for hearing in supreme court, approval withheld.)

[6] ID.—CONTEMPORANEOUS FAULT OF PARTIES TO MOMENT OF ACCIDENT—LAST CLEAR CHANCE—EVIDENCE.—In such action, the omission of a given instruction upon the last clear chance doctrine to state that the rule does not apply when both parties are contemporaneously and actually at fault down to the moment of the accident was harmless where the evidence showed that deceased was not guilty of contributory negligence down to the point of the accident.

[7] ID.—INSTRUCTIONS—LAST CLEAR CHANCE—OMISSION OF ELEMENT—HARMLESS ERROR.—In such action, the omission from an instruction of the element that the doctrine of last clear chance applies where the plaintiff cannot and the defendant can avoid the injury was not prejudicial where the evidence without substantial conflict showed that from the moment the deceased found himself in a position of peril he made every effort to escape therefrom. (Opinion of supreme court, on denial of hearing.)

---

(1) 28 **Cyc.**, p. 47 (Anno.).  (2) 28 **Cyc.**, p. 37.  (3) 28 **Cyc.**, p. 27.  (4) 28 **Cyc.**, p. 49.  (5) 4 **C. J.**, p. 1035, sec. 3015.  (6) 29 **Cyc.**, p. 532.  (7) 29 **Cyc.**, p. 655.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Benjamin I. Bloch and Chickering & Gregory for Appellant.

Keyes & Erskine for Respondents.

5. Concurrent negligence of plaintiff as defeating recovery under last clear chance doctrine, note, Ann. Cas. 1912B, 888. See, also, 20 **R. C. L.** 138–144; 19 **Cal. Jur.** 651–659.

NOURSE, J.—This is an action for damages resulting from the death of John F. Collom caused by having been struck by an automobile owned and operated by the defendant. The cause was tried to the jury and resulted in a verdict for the plaintiffs, as heirs of the deceased, in the sum of $10,000. From the judgment the defendant has appealed, and presents the record on a bill of exceptions.

The facts of the case which appear from the evidence, and which are substantially without conflict, are that the deceased and his daughter were on the south side of Post Street, near the corner of Grant Avenue, in the city and county of San Francisco, at about 6:30 P. M. of the seventh day of September, 1920. At that time a street-car approached from the west upon the southerly tracks maintained by the company and stopped on the westerly side of the westerly curb line of Grant Avenue. The deceased walked into the street with his daughter and helped her upon the rear platform of this street-car. He then proceeded around the back of the car, going in a northerly direction toward the northerly sidewalk of Post Street. The car started on its course easterly on Post Street, and the daughter remained on the rear platform apparently about to pay her fare, but keeping her view directed to her father's progress across the street. When he reached the south rail of the northerly tracks of the company he looked to his right, or easterly, and apparently saw the automobile of the defendant approaching on these north tracks and started to run to the sidewalk in front of the Shreve Building, which is located on the northwest corner of that intersection. The daughter testified that from the rear platform of the street-car she saw the automobile of defendant approaching on the northerly street-car tracks about 120 feet east from where her father stood, that it was then "tearing up the street, and that it swerved to the left and then swerved to the right again and followed him right up on the sidewalk," and that at the time Post Street was clear of all other vehicle traffic. She last saw her father as he had one foot on the sidewalk. She immediately had the street-car stopped and went to her father and found him lying under the radiator of defendant's automobile with his head toward the Shreve Building at a point directly west of the door of that building, which point is stipulated to be

about 65 feet westerly from the property line of Grant Avenue. The daughter was the only eye-witness to the accident called for the plaintiffs, though other witnesses corroborated her as to the position of the deceased after he was struck and to the fact that the defendant's automobile came to a stop on the sidewalk facing northerly toward the door of the Shreve Building with at least three of the wheels upon the sidewalk. There is scarcely any conflict in this evidence. The defendant and his companions in the machine testified in his behalf. At the time of the trial they agreed that the automobile was proceeding at the rate of about 15 miles an hour until it reached Grant Avenue, and that then the speed was reduced to the rate of 12 miles an hour. They also testified that the deceased came from the rear of the street-car when the automobile was between 45 and 60 feet distant. They denied that the defendant swerved to the left, but agreed that when the decedent was seen the defendant accelerated his speed and swerved to the right. Some of these witnesses testified that he sounded his horn frequently in this short period and that he immediately put on all his brakes when the deceased started to run across the street. They also testified at the time of the trial that as the decedent reached a point on the northerly street-car tracks he hesitated or stopped before he commenced to run across the street. In every fact essentially bearing upon the defense at the trial these witnesses gave testimony substantially conflicting with the testimony which they had given to the coroner's jury immediately following the accident. Their testimony at the time of the trial was such that it is fair to assume that the jury rejected their statements in so far as they conflicted with the testimony of the daughter of the deceased. The outstanding fact in the uncontradicted evidence is that the deceased saw the machine approaching him upon the northerly street railway tracks and that he took the course which a reasonable man might have taken, to wit: proceeded straight ahead to the sidewalk which he had the right to assume was a place of safety. Though the defendant testified that he put all his brakes on at a point 18 feet westerly from this point upon the railway tracks from which the decedent started to run, nevertheless his car traversed an arc of about 45 feet in length, carrying it up a grade

and over a curbstone of about six inches in height to a point 38 feet westerly and 20 feet northerly from the point when he first applied his brakes. Notwithstanding this the defendant testified that he was going at a rate of not over 15 miles an hour and that when going at such a rate he could stop his car within 15 or 20 feet.

Upon this appeal the appellant relies upon three points, first, the insufficiency of evidence of negligence on the part of the appellant; second, contributory negligence on the part of the decedent; and, third, error in the instruction relating to the last clear chance.

[1] (1) The mere statement of the facts of the case is a sufficient answer to the claim that the evidence is insufficient to show negligence on the part of the appellant. If it is true, as the appellant testified, that he was proceeding at a rate of 15 miles an hour going up grade and on a street clear of traffic, and if it is true that he applied all his brakes when 18 feet away from the point where the deceased started to run, it is evident that he released his brakes and accelerated his speed immediately after that time in order to traverse the arc which he is admitted to have traveled in order to strike the deceased at a point on the sidewalk six feet beyond the curb. The only other explanation of the cause of the accident is that the appellant was traveling at a very much higher rate of speed than he has admitted. Either of these two conclusions unmistakably charges the appellant with negligence. The decedent's daughter testified that the appellant was proceeding at a high rate of speed, and, of course, the jury could have believed her testimony and rejected that of the appellant and his companions. The mere fact that these witnesses placed the speed of the machine at precisely the legal rate for that section might in itself lead the jury to disbelieve their testimony. In addition to this, the physical facts as to what happened after the appellant saw the deceased in his place of danger was persuasive evidence from which the jury might have inferred that the appellant was proceeding at a much greater rate of speed than he testified or that he was carelessly operating his machine. In any event, there is a conflict in the testimony in this respect which is substantial. Under such cir-

cumstances this court cannot say that the verdict is not supported by the evidence.

. (2) The second proposition that the decedent was guilty of contributory negligence does not seem to be urged seriously by the appellant. Eliminating for the moment the question of conflict in the evidence and considering the testimony of the appellant and his companions alone, it would fall far short of constituting a case of contributory negligence *per se.* Taking the testimony of these witnesses, it is that the deceased came from the rear of the car and stepped upon the northerly street-car tracks, looked to his right, and saw the automobile approaching some 45 or 60 feet away. He then started to run toward the sidewalk manifestly to seek a place of safety. If we take the conflicting testimony we find that the deceased saw the approaching automobile when it was something like 120 feet away and he then started to run to a place of safety. [2] In the absence of some statutory declaration to that effect, this court cannot say that as a matter of law every pedestrian is guilty of contributory negligence who attempts to cross a public street beyond an intersection when he sees an automobile approaching some 45 or 50 feet distant. [3] The very fact that the statute does require motor vehicles to reduce their speed to 15 miles an hour at street intersections when the driver's view is obstructed and in a business district (and the court will take judicial notice of the fact that both of these conditions existed at the point of the collision: *Varcol* v. *Lee,* 180 Cal. 338 [181 Pac. 223]; *Dewhirst* v. *Leopold,* 194 Cal. 424 [229 Pac. 30]), may be in itself enough to justify a pedestrian in assuming that he may cross the street in safety when the approaching machine is not less than 45 or 50 feet distant. (*Mann* v. *Scott,* 180 Cal. 550, 554 [182 Pac. 281]; *Haines* v. *Fewkes,* 190 Cal. 477, 478 [213 Pac. 490]; *Burgesser* v. *Bullock's,* 190 Cal. 673, 677 [214 Pac. 649].) [4] The question of contributory negligence in this case was clearly a question of fact which was properly submitted to the jury for determination.

(3) The appellant assigns but one instruction as error, the one relating to the last clear chance doctrine. The criticised instruction reads as follows: "If you believe that the said deceased found himself either through fault on his part

or without fault on his part in a position of peril and that the defendant knew of the situation of the deceased and realized that he might inflict injury upon the deceased by driving his automobile as he did and nevertheless recklessly took a chance upon so doing while having the ability to avoid the accident, provided he had such ability, and if you believe by reason thereof the accident occurred and the injuries were inflicted, your verdict should be for the plaintiffs." Particular objection is made to the fact that the instruction does not state that the rule applies only where the negligence of the injured person is remote and not the proximate cause of the accident, or, in other words, where the plaintiff cannot and the defendant can avoid the injury. Another objection is that it does not state that the rule does not apply when both parties are contemporaneously and actually at fault down to the minute when the accident occurred.

[5] As to the first proposition, the criticism of the instruction as confined to the language used is undoubtedly good. Respondents' answer is that it is not incumbent upon the court to cover all the essential elements of any particular issue of the case in one instruction. They point out, and properly, that the law governing the contributory negligence of the deceased and the difference between the remote and proximate causes of the accident was fairly and fully given to the jury in other instructions. It appears that throughout the instructions the jury were told that before the plaintiff could recover it must appear to their satisfaction that the deceased was without fault or negligence on his part which "may have contributed to the accident." Contributory negligence was then clearly defined, and the jury were further told that any failure on the part of the decedent to exercise ordinary care such as a prudent person would have used under the same circumstances should be treated as the proximate and contributing cause of his injury, and that if the deceased was in any manner guilty of the conduct *which amounted to the absence of ordinary care* and such conduct in any degree contributed to his death the plaintiffs could not recover. It needs no citation of authority to say that all the instructions must be read together, and we have carefully read the instructions given covering this phase of the case and are satisfied that the jury was fairly and fully

instructed. It is not a case where, as in *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270 [201 Pac. 599], the instruction which amounted to a directed verdict was in direct conflict with other instructions given by the court. There is no conflict in the instructions which were given as a whole, but we merely have a case where in this particular instruction relating to the last clear chance doctrine some of the elements were omitted but were supplied in other instructions.

[6] As to the second point raised, it is undoubtedly true, as appellant argues, that the last clear chance doctrine does not apply where both parties are contemporaneously at fault down to the moment of the accident. (*Young* v. *Southern Pac. Co.*, 189 Cal. 746, 757 [210 Pac. 259].) Though this is the law, the question of so instructing the jury is purely academic in a case such as this where the facts wholly fail to support the principle. There is no conflict in the evidence that after the decedent found himself in a place of peril on the northerly street-car tracks and in the direct path of the approaching automobile he ran rapidly toward the sidewalk seeking a place of safety, and the jury was permitted to assume that the course adopted by the decedent to reach a place of safety was the course which a reasonable man would have adopted under the same circumstances. Surely there is no testimony which would lead a court or jury to assume that a reasonable man should have done otherwise. If this is so, it must follow that the decedent was not guilty of contributory negligence down to the point of the accident, that is, when he stopped upon the sidewalk some six feet beyond the street curb. We should not be understood as approving the form of the criticised instruction, but we do hold that, reading the instructions as a whole, there was no prejudicial error in this case, but, on the other hand, we find that the jury was fairly and fully instructed on all issues of the case.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 22, 1925, and the following opinion then rendered thereon:

THE COURT.—Appellant's petition to have the above-entitled case heard and determined by this court after judgment in the district court of appeal is denied. We do not, however, adopt the conclusion that the giving of other correct instructions upon the subject of contributory negligence cured the error in the quoted instruction. [7] As it appears from the evidence without substantial conflict that from the moment the deceased found himself in a position of peril he made every effort to escape therefrom, the omission of this element from the instruction was not prejudicial.

All the Justices concurred.