[Civ. No. 4365.   Second Appellate District, Division One.—February 26, 1925.]

IDA PAULINE EVERS, Respondent, v. O. W. STRATTON, Appellant.

[1] APPEAL — JUDGMENTS — FINDINGS — EVIDENCE — PRESUMPTIONS. Every intendment is in favor of the judgment of the trial court, and if there is any substantial evidence to support the findings of fact upon which the judgment is founded, the appellate court is unauthorized to interfere.

[2] NEGLIGENCE — PERSONAL INJURIES — CONTRIBUTORY NEGLIGENCE— EVIDENCE—APPEAL.—In an action for damages for personal injuries sustained by plaintiff by being struck by an automobile, in which judgment was rendered in favor of plaintiff, in determining the question of plaintiff's alleged contributory negligence, the appellate court "must take the evidence most favorable to the plaintiff."

[3] ID. — CONTRIBUTORY NEGLIGENCE — PRESUMPTIONS — BURDEN OF PROOF.—In such an action, the contributory negligence of plaintiff is not presumed; but, to the contrary, the defendant is obliged to bear the burden of establishing such facts that the

legal conclusion of contributory negligence would follow there-from.

[4] ID. — DEGREE OF CARE REQUIRED OF PLAINTIFF. — In such action, where the evidence showed that plaintiff was struck by defend-ant's automobile while standing on a street upon which there was a heavy automobile traffic, as well as considerable traffic by street-cars, she is to be held accountable for such care only as would have been exercised by a reasonably prudent person similarly situated as was the plaintiff.

[5] ID. — CONTRIBUTORY NEGLIGENCE — EVIDENCE — APPEAL. — In such ac-tion, assuming what must be conceded, that plaintiff had an equal right with defendant in the use of the street and that, as her evidence indicates, she was keeping a reasonable look-out to the end that she might not be struck and injured by a passing automobile, it cannot be said as a matter of law that plaintiff was not in the exercise of reasonable care for her own safety, and it follows that she was not guilty of contributory negligence.

---

(1) 4 C. J., p. 786, n. 29, p. 878, n. 82.   (2) 4 C. J., p. 777, n. 61.
(3) 4 C. J., p. 848, n. 36, p. 883, n. 33; 28 Cyc., p. 47, n. 10; 29 Cyc., p. 596, n. 29, p. 601, n. 60.   (4) 28 Cyc., p. 37, n. 21, p. 914, n. 23 New; 29 Cyc., p. 512, n. 85.   (5) 4 C. J., p. 876, n. 78; 28 Cyc., p. 913, n. 11, p. 914, n. 22.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jennings & Belcher for Appellant.

Fred Mansur and E. B. Drake for Respondent.

HOUSER, J.—Plaintiff recovered judgment against de-fendant in an action for damages for personal injuries, and defendant appeals.

Practically the only uncontroverted fact in the case is that plaintiff was struck by defendant's automobile at a street intersection in the city of Los Angeles. Sufficient evidence, however, was introduced on the trial from which

5. On duty of pedestrians to look out for automobiles, notes, 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 38 L. R. A. (N. S.) 488; 42 L. R. A. (N. S.) 1179. See, also, 3 Cal. Jur. 882.

the judge was justified in concluding that the following were the circumstances surrounding the happening of the accident from which plaintiff sustained the injuries of which she complains: At an intersection of two streets plaintiff wished to cross one of such streets upon which there was heavy automobile traffic as well as considerable traffic by street-cars. Just before plaintiff attempted to make the crossing, a street-car stopped for the discharge of passengers on the side of the street nearer to plaintiff. Thereupon several automobiles, which were traveling two or three abreast in the same direction as was the street-car, stopped in the rear of the street-car. Either immediately before or immediately after the street-car had thus stopped, plaintiff either walked rapidly or ran into the street at a point near the front end of the street-car. After the street-car had discharged such of its passengers as wished to alight therefrom at the street intersection at which plaintiff was standing, the street-car and the several automobiles which had stopped in the rear of the street-car started forward, and plaintiff, who had remained in the street near the front end of the stopped street-car, was struck by defendant's automobile. There was testimony which warranted the conclusion that after plaintiff had reached a position near the front end of the street-car she had not moved until the accident occurred, and that during the time she was thus situated plaintiff was in the exercise of ordinary care for her own safety. She testified: "Q. After you started across the street, after you had stepped down from the sidewalk into the street, did you look for automobiles? A. Yes, I did; I looked all around for the way for me to go. Q. Did you keep on looking for the way for you to go? A. I did, many, many times. Q. Were you walking at the time? A. I knew in that car track I was all right, and I stayed there and waited. Q. And you were standing still at the time the automobile ran into you? A. Yes, that is right. Q. Can you tell me about how long you had been standing still? A. I waited at least four minutes. There was so many automobiles—I waited about four minutes; I did not have my watch, but it was a long time."

Another witness testified: "I seen the car stop just before or about the time of this accident. . . . I seen a lady standing there, but don't know who she was. It was the lady that was afterwards taken away from there. I seen

the lady standing right across from the little church where
the vestibule is, clear to the track; probably about four or
five feet away from the street-car track.  And when the car
stopped, if my recollection is right, everybody started to
move, a lot of machines held up by the street-car.  Now,
probably there was four or five cars started to move at one
time.  I couldn't tell.  I didn't count them.  What I saw
was a lady standing there, the machines coming up, and of
course there was one machine hit the lady—that is a sure
thing.  I couldn't tell whether it was going fast or slow.
I know where there is a cross-walk there.  Respecting right
near the cross-walk, she was this side, west.  I could not tell
distance she was from the cross-walk.  She stopped for
the street-car to pass.  The street-car had gone on.  At the
time the machines started up, it looked to me like four or
five, but there was some more back of that. · There was a
whole lot of cars tied up on account of the street-car.  I
mean they were practically abreast.  As she stood there on
the north from the car track, she did not move any at all
until she was hit by this machine. . . . O, I seen her before
the car started, but when the street-car went between me
and her I couldn't see her.  The next thing I heard was a
crash.  Somebody—something hit somebody.  I could easy
say that.  And of course I seen no more woman there, or
no more lady.  The last I saw of this lady standing in the
street at the point 'C' was before the street-car pulled be-
tween me and the lady.  After that I wouldn't say whether
I have seen her or not.''

From the evidence appellant assumes an entirely different
state of facts; and therefrom he argues that plaintiff was
guilty of contributory negligence and consequently that no
recovery could be had by her for the injuries which she
sustained.  A great many authorities, not only from this
state but as well from other jurisdictions, are cited and
parts thereof quoted by appellant to sustain his position
based upon what he urges that the evidence shows were the
facts in the case.  [1]  But the difficulty encountered in
appellant's position is that every intendment is in favor of
the judgment of the court, and that if there is any sub-
stantial evidence to support the findings of fact upon which
the judgment is founded, this court is unauthorized to in-
terfere.  [2]  In determining the question of plaintiff's

alleged contributory negligence, this court "must take the evidence most favorable to the plaintiff." (*Haines* v. *Fewkes,* 190 Cal. 477, 478 [213 Pac. 490].)   **[3]**   It should be remembered that the contributory negligence of plaintiff is not presumed; but, to the contrary, that defendant was obliged to bear the burden of establishing such facts that the legal conclusion of contributory negligence would follow therefrom.   The case was tried without a jury, and consequently the credibility to be given to the testimony of the several witnesses and the weight of the evidence rested exclusively with the trial judge.   His ultimate conclusion of fact was: "That it is not true that the plaintiff was guilty of contributory negligence as alleged in the defendant's separate and second defense, nor was she guilty of contributory negligence at all at the time and place of accident, nor was she guilty of any negligence, contributory or otherwise, at the time and place of said accident."

A case similar in its facts is that of *Haines* v. *Fewkes,* 190 Cal. 477 [213 Pac. 490].   It there appears that a woman was injured by being struck by an automobile at a street intersection.   She recovered judgment, and the defendant in the action appealed.   The theory of the appellant was that the plaintiff started through a line of traffic and ran in front of his automobile before he had the opportunity to either discover her or to stop his machine.   In the course of the opinion the court said: "There was evidence to support the view, but in considering the appeal we must take the evidence most favorable to the plaintiff.   According to her testimony the accident occurred about 5:30 P. M., December 10, 1920, when it was comparatively dark and the headlights of the automobiles were lighted.   She passed rapidly and successfully through the stream of traffic on the west side of Figueroa, proceeding south, which, she states, was an almost continuous procession, reaching the center of the street where she stopped midway between the north and south bound tracks of the electric railway on Figueroa Street,  paused a few moments, and then stepped forward to a position between the rails of the north-bound track.   There looking southward she saw approaching her two automobiles with headlights lighted near the east curb of Figueroa Street proceeding northward; that she was not in the line of their travel; that while she remained standing at

this point she was struck by the defendant's automobile, which had apparently swerved over toward her from the position in which she first saw it. It is apparent from this statement that she was guilty of no contributory negligence, but that she was making the best of her way across the street through the very heavy traffic on the street at that time.''

Considering the instant case, it is perhaps true that a very cautious person would not have ventured into the street in close proximity to the street-car at a time and in such circumstances as were present just prior to the happening of the accident in question. But plaintiff's conduct in the premises is not to be judged by such a standard. [4] She is to be held accountable for such care only as would have been exercised by a reasonably prudent person similarly situated as was the plaintiff. [5] Assuming what must be conceded, that plaintiff had an equal right with defendant in the use of the street and that, as her evidence indicates, she was keeping a reasonable lookout to the end that she might not be struck and injured by a passing automobile, it cannot be said as a matter of law that plaintiff was not in the exercise of reasonable care for her own safety. It follows that she was not guilty of contributory negligence.

No other points being presented for reversal, it is ordered that the judgment be and the same is affirmed.

Conrey, P. J., and Curtis, J., concurred.