[S. F. No. 12212.   Department One.—November 26, 1928.]

MARGARET E. HEITER, Appellant, v. MERVYN H. HIRSCHFELD, Respondent.

Leon Samuels and Daniel A. Ryan for Appellant.

J. E. Reardon, Wm. M. Abbott and K. W. Cannon for Respondent.

SEAWELL, J.—This appeal was taken from a judgment of nonsuit entered at the close of plaintiff's testimony upon motion of defendant. Plaintiff sued to recover damages for personal injuries received when she was struck by defendant's automobile while she was crossing from the sidewalk on the northerly side of Hermann Street, a few feet west of the point where the lines of Market and Hermann Streets meet, to a "safety zone" located in said Market Street just north of the car tracks of the street railways laid thereon. From said safety zone plaintiff planned to board an approaching car going west on Market Street. Defendant's automobile was also proceeding in a westerly direction.

Defendant moved for a nonsuit on the grounds that the evidence showed conclusively that defendant was free from negligence and that plaintiff was guilty of contributory negligence. Although the order granting the nonsuit is general in terms, the judge in dismissing the jury made the statement that he had determined as a matter of law that plaintiff was guilty of contributory negligence, and we are of the view that the judgment of nonsuit must be sustained on said ground.

The only testimony as to the facts of the accident was given by plaintiff and by defendant, who was called by plaintiff as a witness under the provisions of section 2055 of the Code of Civil Procedure. The accident occurred at approximately five minutes after midnight on May 18, 1923. Plaintiff had been walking westerly on the northerly side of Market Street, waiting for the approach of a "J" car, which she wished to board. Upon reaching a place a few feet beyond the point where the northwesterly line of Market Street and the north line of Hermann Street join at an obtuse angle, plaintiff looked back in an easterly direction on Market Street and observed a "J" car and defendant's automobile approaching on Market Street, both being approximately two hundred feet east of the point from which she observed them. She started into the street, walking obliquely in a southwesterly direction toward the safety zone, which was elevated a few inches above the level of the street, to board the approaching car. The shortest distance

between the point where plaintiff left the sidewalk and the eastern end of the safety zone was forty-five feet. Plaintiff, however, did not adopt such a course, but instead proceeded obliquely in a southwesterly course, which would require her to cover a distance of over sixty feet before reaching the safety zone. She testified that she kept her eyes on the automobile and street-car continuously from the time she stepped from the curb until she reached a point near the safety zone, where she was struck; that when she took her eyes off the automobile it was about six feet from her, and she believed it was far enough away to give her time to get on to the safety zone; that she "stepped lively," but the left bumper or wheel of the automobile struck her just as she was about to place her right foot on the elevated safety zone, causing her to suffer a comminuted fracture of the left leg.

Defendant, who is a physician, when examined as plaintiff's witness under the provisions of section 2055 of the Code of Civil Procedure, testified that he was driving his automobile, which was a Cleveland touring car model, in a westerly direction on Market Street at a moderate rate of speed, estimated by him as fifteen miles an hour. He was traveling about two and one-half feet from the north line of the safety zone, which, by reason of the intersectional conditions, was the usual and proper place to drive. He did not observe plaintiff until he was twenty feet west of the east end of the safety zone. She was then fifteen feet ahead of him and about three feet north of the right-hand side of his automobile and, according to defendant, plaintiff was running in the direction of the safety zone. Plaintiff denied that she ran at any time, but admitted that she "stepped lively." Defendant turned his car to the right and immediately applied his brakes upon seeing plaintiff step in front of his car, and brought the automobile to a stop in approximately seventeen feet, two feet beyond the point where the left front wheel or bumper struck plaintiff.

Defendant further testified that the intersection was "very poorly lighted," and that plaintiff wore dark-colored clothes; that his lights were standard equipment with which the machine was delivered to him, throwing out light seventy-five to one hundred feet, and the brakes were in perfect condition. Both plaintiff and defendant united in testify-

ing that there was no traffic at the intersection at the time of the accident except defendant's automobile and the approaching "J" car which plaintiff wished to board. Plaintiff declared herself unable to estimate the speed of defendant's car. The only testimony given on this subject was the testimony of defendant, which was that he was not exceeding fifteen miles an hour when defendant came within the compass of the rays of his headlights, and that he immediately applied his brakes upon discerning the presence of plaintiff.

Plaintiff repeatedly testified that as she measured the situation she thought she had time to reach the safety zone ahead of the approaching automobile, which she was watching as she hurried across the street. No evidence is offered and no claim is made that she was misled in any way by defendant increasing the speed of his car. The unfortunate injury inflicted upon her, which was a serious one, was occasioned by an error of judgment on her part. It would appear from the record before us that the only reasonable thing for defendant to do was to attempt to stop, as he was unable to tell what course plaintiff would take upon finding herself in a situation of imminent peril. He did, however, in the moment that was left him to act before the plaintiff was struck, attempt to avoid the accident by turning his car to the right.

We have examined the evidence in this case in the light of the well-established rules that should govern trial courts in passing upon motions for nonsuits, and we are of the opinion that we cannot say that the trial court committed error in granting the motion in the instant case.

The cases relied on by appellant, especially *Collom* v. *Bloch*, 70 Cal. App. 33 [232 Pac. 486], are not controlling here, because in those cases a different state of facts existed requiring the entry of a different judgment. In *Collom* v. *Bloch, supra,* the decedent attempted to cross in front of an automobile forty-five or fifty feet distant from him, but in that case the distance to be traversed by decedent before he reached a position of safety was shorter than in the instant case. In the case herein the distance between the curb and the point where appellant planned to step on to the safety zone was over sixty feet. The defendant's auto-

mobile was six feet from her when she reached the path of the automobile, not nearly forty-five or fifty feet, as in *Collom* v. *Bloch, supra.*

Judgment affirmed.

Curtis, J., and Preston, J., concurred.

Hearing in Bank denied.

All the Justices concurred.