[Civ. No. 7447. First Appellate District, Division Two.—January 21, 1931.]

ELEANOR P. BROOKS, Administratrix, etc., Respondent, v. THE CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Appellants.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Appellants.

Carey & Gorfinkel for Respondent.

LUCAS, J., *pro tem.*—Appellants seek reversal of the judgment rendered in the trial court on a verdict for $15,000 awarded respondent in her representative capacity as damages for the death of her husband, who was injured and died as the result of an automobile collision alleged by respondent to have been caused through appellants' negligence.

As grounds for reversal appellants urge that the negligence of appellants was not proven, that the decedent was guilty of contributory negligence, and that the court erred in giving an instruction upon the doctrine of last clear chance.

Briefly the facts are these: On Sunday, November 6, 1927, at about 9:30 A. M., Charles C. Brooks was operating a Dodge coupe in a northerly direction on the easterly portion of the Embarcadero between piers 35 and 37 in the City and County of San Francisco. At the same time appellant J. M. Dunne, an employee of appellant City and County of

San Francisco, was operating a seven-ton bus, 30 feet in length, to the rear of the Dodge coupe in the same direction and on the same side of the Embarcadero. The surfaced portion of the Embarcadero at the points involved in this action was then approximately 110 feet wide, having an asphalt surface or pavement on the easterly 30 feet thereof, the remaining 80 feet of said surface being cobbled pavement. The Dodge coupe driven by the said Brooks was first observed by appellant Dunne at a time when the bus driven by him was several hundred feet southerly from said coupe. Traveling at a speed variously estimated at from 15 to 30 miles an hour, the bus overtook the Brooks car, and when about 25 feet from it appellant Dunne steered sharply to the left and applied his brakes, thereby causing the bus to skid and collide with the rear end of the coupe. As a result the coupe was seen to spin around several times and come to a stop against the extreme easterly curb of the Embarcadero at a point estimated by several witnesses to be from 50 to 180 feet from the point of collision. The estimate of 180 feet, however, is substantiated by disinterested witnesses who actually made measurements on the ground.

The collision occurred in what is admittedly a business district of San Francisco, and at a time when the street was very wet and slippery. As a result of the collision the said Brooks sustained injuries from which he subsequently died.

■ While there is some conflict in the record, there is ample evidence to support the implied finding of the jury that the appellant Dunne was guilty of negligent conduct directly contributing to the accident and attendant injuries, namely, driving a motor vehicle in a business district at a speed considerably in excess of 15 miles per hour, and driving said vehicle on a public highway at a speed greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway. This implied finding will not be disturbed upon appeal, since the question of negligence is purely one for the jury. (*Haines* v. *Fewkes*, 190 Cal. 477 [213 Pac. 490].)

■ The same rule is likewise applicable to the question of decedent's contributory negligence. As to such negligence the record also discloses a conflict. Appellants attempted to prove in their affirmative defense that decedent just prior to the collision turned his Dodge car directly in

front of the oncoming bus without giving the signal required by law. It is true that there is some evidence in the record which might warrant the jury in finding that the decedent did as appellants claim, but there is also evidence, some of which was produced by appellants themselves, to the effect that at a point on the Embarcadero about 180 feet north of the place of impact the easterly line of the street deviates somewhat toward the west; that decedent, whose car was then traveling at a rate of speed of from four to seven miles an hour, had only ''commenced to make a little turn to the west'', or ''turned very slightly to the west'', and that for the last 30 feet that his car traveled prior to the collision and at the time thereof decedent was signalling with his hand his intention to change the direction of his car.

On the whole the record is amply sufficient to justify a jury in concluding that decedent was free from negligence, both at the time of the collision and prior thereto.

■ As to the propriety of the court giving an instruction upon the doctrine of last clear chance the parties in their briefs have but little to say. No criticism is made of either the form or substance of the instruction. Appellants, content with the assumption that the testimony conclusively shows that decedent immediately before and at the very moment of the impact was guilty of negligence, invoke the rule that where a decedent's negligence is continuous and contemporaneous no instruction upon the last clear chance doctrine should be given. The assumption, however, is a false assumption, and the rule may not be applied.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 20, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 19, 1931.