[Civ. No. 6590. First Appellate District, Division Two.—March 21, 1929.]

HANS ROHER et al., Respondents, v. LEONARD & HOLT (a Corporation) et al., Appellants.

Ross & Ross, Redman & Alexander, Cooley & Gallagher and Cooley, Crowley & Gallagher for Appellants.

J. Horton Beeman and Franklin Swart for Respondents.

STURTEVANT, J.—Anna Roher was injured while a passenger riding in a bus operated by the defendants Leonard & Holt when their bus collided with an automobile operated by the defendant Clorinda Rossotto. She filed a complaint charging negligence in general terms against both defendants. The defendants appeared and answered and a trial was had before the trial court sitting with a jury. The jury returned a verdict in favor of the plaintiffs and from the judgment entered thereon the defendants have appealed and have filed separate sets of briefs.

*Appeal of Leonard & Holt.*

■ The defendants, Leonard & Holt, requested the trial court to give an instruction regarding the maximum of speed which under the law was permissible at the intersection of Brewster Avenue and Myrtle Street in Redwood City, San Mateo County, at the time of the accident. The trial court refused that instruction, but did give an instruction quoting the introductory part and subdivision (a) of section 113 of the Motor Vehicle Act. (1 Deering's Gen. Laws, 1851, 1886.) These defendants complain of the ruling as being error. However, we see no error in the ruling. In the preceding instruction the trial court had instructed the jury that a common carrier is bound to exercise the highest degree of care in transporting its passengers. An instruction regarding minimum speed might have been pertinent, but an instruction regarding maximum speed would have had no effect excepting to confuse the jurors.

■ The trial court also gave an instruction regarding the doctrine of *res ipsa loquitur*. It is not claimed that the instruction was improperly worded. However, these defendants claim that under the facts no instruction on that subject should have been given because in the instant case these defendants called some witnesses to the stand and introduced some evidence proving, or tending to prove, how the accident occurred. As stated above, the plaintiffs pleaded their case by pleading negligence in general terms. The defendants cite and rely on *Marovich* v. *Central Cali-*

*fornia T. Co.,* 191 Cal. 295 [216 Pac. 595]. That authority is not in point. That case was directed to a pleading in which the plaintiff set forth specific acts of negligence.

*Appeal of Clorinda Rossotto.*

 In instructing the jury on the subject of damages the trial court gave an instruction as follows: "If your verdict is for the plaintiffs, then in assessing the damages to Anna Roher, if any, you should take into consideration her age and *condition in life;* the character of the injuries sustained by her, if any; the nature, extent and severity of the injuries sustained by her, if any; and if you find that she did sustain an injury, whether the same was temporary, or if permanent in its character. And in estimating the amount of such damages you may consider the pain suffered, if any; extent, degree and character of suffering, if any; and its duration and severity; also pain, if any, which you believe from the evidence plaintiff, Anna Roher, is reasonably certain to suffer in the future; and from all of these elements you will resolve what sum will fairly compensate her for the injuries and loss, if any, sustained by her, not, however, in excess of the amount prayed for in the complaint." This appellant contends that the portion italicized was in effect to direct the jury to take into consideration "the pecuniary condition of the plaintiffs." The instruction is not clear and should not have been given. Conceding that the instruction would have been error if it had been so worded, a sufficient answer is that the instruction is not necessarily susceptible of the meaning which the appellant would impress upon it. The instruction was not so worded. In construing the part objected to with the rest of the instructions given by the court, and reading all of the instructions together, the attack may not be sustained. If the instruction had been expressly worded, as this defendant contends for, then it will be conceded that it would have been erroneous. (*Story* v. *Green,* 164 Cal. 768, 772 [Ann. Cas. 1914B, 961, 130 Pac. 870]; *Shea* v. *Potrero & B. V. R. R. Co.,* 44 Cal. 414, 429.) *Malone* v. *Hawley,* 46 Cal. 409, does not set forth *in haec verba* the instruction which was under consideration, nor the other instructions which were given. For that reason it is not conclusive in this case. The financial ability of the plaintiffs in this case had not come before the court in any respect whatsoever except as

we will note. Mr. Swart, one of the attorneys, while arguing in behalf of the plaintiffs, adverted in some respect to the subject. Thereupon the following proceedings were had: "Mr. Alexander: I assign the remark of Mr. Swart as misconduct, the fact that the plaintiffs were poor. I assign it as misconduct and ask that the jury be discharged at this time. The Court: That question is not before the jury and should not have been mentioned in any way and I will just say to the jury that they will not take into consideration anything the attorneys may say in regard to the wealth of any parties connected with this case. Mr. Swart: I am sorry to have made that statement." Bearing in mind that all instructions are to be read together, and reading the instruction objected to and the firm admonition of the court which we have just quoted, we are bound to assume that the jury understood the trial court fully and that the jury understood that it was not to take into consideration the financial condition of the plaintiffs when the jury was making up its verdict.

While reading numerous instructions to the jury the trial court, among other things, read an instruction as follows: "If you find from the evidence that it was the negligence of the defendant Clorinda Rossotto alone which proximately caused or contributed to the injuries to Mrs. Roher, and that plaintiffs themselves were free from negligence which proximately caused or contributed to said accident, your verdict must be in favor of plaintiffs and against defendant Clorinda Rossotto." This defendant claims the instruction was to the effect that Mrs. Rossotto was negligent. Turning to the other instructions given by the court it is very clear that the trial court did not in any respect whatsoever instruct on any question of fact in the case. On the other hand that it made itself very clear that the function of determining facts rested with the jury, and in particular the function of determining whether the defendants were, or either of them, was guilty of negligence; and, if so, which one.

We find no error in the record. The judgment is affirmed.

Norton, J., *pro. tem.*, and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 19, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 20, 1929.

All the Justices present concurred.