[Civ. No. 8442. First Appellate District, Division One.—March 17, 1933.]

DENNIS LYNCH, Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Appellants.

434

Wm. M. Abbott, K. W. Cannon, Cyril Appel and Ivores R. Dains for Appellants.

Vincent W. Hallinan and Emmett Burns for Respondent.

THE COURT.—An action to recover for personal injuries alleged to have been caused by the negligence of defendants.

A jury returned a verdict for the plaintiff, and defendants have appealed. The grounds for the appeal are that the verdict is unsupported, that plaintiff's counsel was guilty of prejudicial misconduct, and that the trial court erred in its charge to the jury, in refusing certain instructions requested by defendants and in denying a motion for a new trial.

The injuries occurred near the intersection of Twenty-ninth and Mission Streets in San Francisco at about 1:30 o'clock A. M. of March 25, 1929. Plaintiff resided on Cortland Avenue, and on the morning in question was returning to his home on a car operated by defendant company. This car turned south on Mission Street, and thence ran westerly on Twenty-ninth Street, where it stopped and plaintiff alighted, it being his intention to transfer to a Cortland Avenue car, also operated by defendant company. He alleged "that when said street-car approached the place where plaintiff was standing the same was brought to a stop for

the purpose of permitting plaintiff to board the same; that plaintiff thereupon proceeded to board the said street-car and had attained a position on the step of said street-car, but while he was in said position and before he could gain a position of safety upon the platform of said street-car and while he was partly on, the same was suddenly started forward and thereafter driven forward at increasing speed; that by reason thereof plaintiff was thrown from said step to the pavement and dragged for some distance; that plaintiff was so thrown almost immediately after the starting up of said street-car and by reason of the sudden starting and acceleration of the speed of said car.''

Plaintiff testified that after alighting he proceeded to a safety zone on the corner of Twenty-ninth and Mission Streets; there a Cortland Avenue car stopped, and while the same was stationary he grasped the center stanchion at the rear entrance with his right hand and placed his left foot on the lower step, and was about to ascend the second step when the car suddenly started. As a result he was thrown toward the rear end of the car, his foot left the steps and he was dragged for some ten or fifteen yards, finally losing his hold upon the stanchion and falling to the pavement. His version of the affair was corroborated by several witnesses.

As against this, others testified that the car was almost past the intersection and in motion when plaintiff ran and attempted to board it.

Defendants insist that the testimony in support of plaintiff's case was contrary to the physical facts shown and inherently improbable.

When such is the case the evidence must be disregarded (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513]); but after reading all the testimony we cannot say that the account given by plaintiff and his witnesses was lacking in probability, or that the jury was not justified in believing it.

Defendants complain of remarks by plaintiff's counsel made during the course of the trial and in the argument to the jury. The first had to do largely with questions as to the admissibility of evidence and the proper examination of the witnesses; and the second involved statements of matters which it is claimed were not in evidence, and references to the alleged conduct of defendant company's employees and counsel. Much of that of which defendants complain, while

objectionable, was not sufficiently material to justify the conclusion that the jury was thereby swayed in its deliberations, nor do we think that the conduct of counsel in any of the particulars pointed out can, in view of the fact that the jury was duly admonished, be said to have been prejudicial to a degree which would warrant a reversal on that ground.

■ With respect to the alleged erroneous instructions the first charged that "proof of an injury to a passenger on the car of a common carrier caused by the operation of the car" casts upon the common carrier the burden of proving that the injury was occasioned by unavoidable casualty or some other cause which human care and foresight could not prevent, or by the contributory negligence of the passenger, unless these facts be shown by evidence adduced by the plaintiff. Defendant claims that under the evidence the only reasonable conclusion was that the injury was caused by plaintiff attempting to board the car while the same was in motion, and that consequently the *res ipsa loquitur* doctrine cannot apply. As stated, we are satisfied that there was sufficient evidence to support the conclusion that the sole cause of the injury was the negligent operation of the car.

■ The fact that the evidence is conflicting (*Roher* v. *Leonard & Holt*, 97 Cal. App. 720 [276 Pac. 357]), or leaves it doubtful whether the ultimate cause of the injury was the negligence of the defendant (*Michener* v. *Hutton*, 203 Cal. 604 [265 Pac. 238, 59 A. L. R. 480]; *Brown* v. *Davis*, 84 Cal. App. 180 [257 Pac. 877]; *Ireland* v. *Marsden*, 108 Cal. App. 632 [291 Pac. 912]) does not affect the application of the rule; and the jury was told in effect that proof that the injury was caused by the operation of the car was necessary to the application of the doctrine, and that contributory negligence would bar a recovery.

In support of their contention that the instructions were improper, defendants cite *Graff* v. *United Railroads*, 178 Cal. 171 [172 Pac. 603, 605]. There, however, the instruction was that "the proof of an injury to a passenger on the car of a common carrier casts upon the common carrier the burden of proving that the injury was occasioned by inevitable casualty or some other cause which human care and foresight could not prevent; or by the contributory negligence of the passenger". The plaintiff in that case

was injured while standing at the open door of the car; and the instruction was held to be erroneous in that it charged the jury that as a matter of law, notwithstanding the place of added peril which the plaintiff had voluntarily assumed, a legal presumption of negligence arose against the defendant by virtue of the fact that he sustained the injury. The court there states that the true rule on the subject is declared in *Steele* v. *Pacific Elec. Ry. Co.*, 168 Cal. 375 [143 Pac. 718, 719], which in turn cites *Wyatt* v. *Pacific Elec. Ry. Co.*, 156 Cal. 170 [103 Pac. 892]. In the Steele case the portion of the instruction attacked read: " . . . the proof of injury of plaintiff on a car of the defendant casts upon the defendant the burden of proving that the injury was occasioned by inevitable casualty or some other cause which human care and foresight could not prevent, or by the contributory negligence of the plaintiff." This was held to be erroneous. The three cases last cited state the rule as follows: ■ No presumption of negligence arises from the mere fact that a passenger is injured. It must first be shown that the injury came from the movement of the car by those in charge of it or from something connected therewith or in the control of the defendant. When this is done the law presumes *prima facie* that the particular thing thus shown to have caused the injury was due to the defendant's negligence, and the burden is thrown upon the defendant of meeting the *prima facie* case thus made. It is obvious that the wording of the instruction complained of is different, and meets the objections made in the above cases. Moreover, instructions substantially the same as that in question were approved in the following cases: *Rystinki* v. *Central Cal. Traction Co.*, 175 Cal. 336 [165 Pac. 952]; *Murray* v. *United Railroads*, 49 Cal. App. 462 [193 Pac. 596].

■ Nor is there merit in the claim that the complaint contained no allegation of general negligence, thus rendering the doctrine inapplicable, as was the case in *Starkey* v. *Market Street Ry. Co.*, 90 Cal. App. 249 [265 Pac. 839], and *Marcovich* v. *Central California Traction Co.*, 191 Cal. 295 [216 Pac. 595]. In *Ginochio* v. *San Francisco*, 57 Cal. App. 150 [206 Pac. 763], cited by defendants, it was held that the only conclusion supported by the evidence was that decedent had attempted to board the car while the same was in motion and at a point other than its regular stopping

place, and that consequently the doctrine did not apply. Here the complaint alleged negligence generally. It was analogous in form to pleadings considered in the following decisions which were held sufficient to permit the plaintiff to rely upon the doctrine: *Champagne* v. *Hamburger & Sons,* 169 Cal. 683 [147 Pac. 954]; *Roberts* v. *Sierra Ry. Co.,* 14 Cal. App. 180 [111 Pac. 519, 527]; *Bourguignon* v. *Peninsular Ry. Co.,* 40 Cal. App. 689 [181 Pac. 669]; *Carnahan* v. *Motor Transit Co.,* 65 Cal. App. 402 [224 Pac. 143]; *Atkinson* v. *United Railroads,* 71 Cal. App. 82 [234 Pac. 863]; *Seney* v. *Pickwick Stages,* 82 Cal. App. 226 [255 Pac. 279]; *Jianou* v. *Pickwick Stages,* 111 Cal. App. 754 [296 Pac. 108].

The jury was instructed that the burden of proving all the affirmative allegations of the complaint rested on the plaintiff throughout the entire case; that he must prove the same by a preponderance of the whole evidence, and that if the evidence was equally balanced in weight and equality the verdict must be for the defendants. The court in its charge defined contributory negligence, and stated further: ''Unless it is shown by or may be inferred from the evidence offered by plaintiff such negligence is a matter of defense to be proved affirmatively by defendants. It is not incumbent upon the plaintiff to prove that he was free from contributory negligence.''

The defendants claim that in view of the evidence, which they assert supports but one conclusion, namely, that plaintiff attempted to board a moving car, the last sentence of the instruction was erroneous; but, as stated, the evidence on this question was conflicting. The instruction stated the general rule (45 Cor. Jur., Negligence, sec. 741, p. 1152; *Evers* v. *Stratton,* 71 Cal. App. 448 [235 Pac. 656]) without telling the jury that under the evidence contributory negligence could not be inferred. In *Sullivan* v. *Market Street Ry.,* 136 Cal. 479 [69 Pac. 143], cited by defendants, the court charged that ''under the case and proofs here made no presumption of negligence arises against defendant from the mere fact that an accident has occurred''. It was, of course, held that the charge was as to matters of fact, and consequently improper.

Exception is taken to an instruction as to what facts plaintiff was required to prove in order to make out a

*prima facie* case. It is urged that the testimony established contributory negligence, and that the instruction should have stated that a finding against such negligence was necessary as a condition to recovery.

As before stated, the evidence on the question was conflicting, and the burden rested upon the defendants.

The instruction also stated that plaintiff must show that he was a passenger on one of the cars of defendant company, without distinguishing between the car he boarded before the accident and the one from which he transferred. There is no reasonable ground for the claim that this instruction misled the jury. The court instructed that if the jury found from the evidence that defendants had "violated the provisions of section 18 of ordinance 581 aforesaid" then such violation constituted negligence; and if they believed from the evidence that solely and proximately by reason of such violation plaintiff sustained injuries, and was himself free from fault, they should return a verdict against defendants.

It is admitted that the ordinance referred to was not introduced in evidence, and its provisions are not disclosed by the record. It appears to be conceded, however, that it provided in substance that passengers should be afforded a reasonable time to board cars. Plaintiff alleged that the car suddenly started while he was in the act of boarding, and that defendants thus failed to give him sufficient time to reach a place of safety. If the jury was familiar with the ordinance (which is doubtful), and it contained such a provision, then we think the instruction in view of the pleadings and evidence was not improper. In any case, the error was not prejudicial to a degree which would justify a reversal.

Exceptions taken to several other instructions are predicated upon the claim that the evidence shows conclusively that plaintiff attempted to board a moving car, but this contention, as heretofore pointed out, cannot be sustained.

The court further charged that it was the duty of defendant company to afford a reasonable time for passengers to board its car at the place where the car stops for that purpose; and that if a passenger is injured without his fault while on the steps of a car, stopped for the purpose

of enabling passengers to board, by reason of the sudden starting of the car, the burden is placed on the company to show that the injury was not the result of its negligence. That the duty of the company was as stated is not questioned (*Jones* v. *United Railroads*, 54 Cal. App. 744 [202 Pac. 919]); but defendants claim that the company was thereby required to negative negligence on its part by a preponderance of the evidence, citing *Seitzman* v. *Srere Corporation*, 116 Cal. App. 674 [3 Pac. (2d) 58]. In that case the jury was expressly told that the defendant must negative the plaintiffs' *prima facie* case by a perponderance of the evidence, and this was held to be erroneous. Such was not the instruction here; and, as heretofore stated, the jury was fully instructed on the question of burden of proof, i. e., that plaintiff's case must be established by a preponderance of the whole evidence, and if the evidence was equally balanced defendants must prevail.

Defendants object to another similar instruction, but this objection, like others referred to, is based upon the assumed fact that plaintiff attempted to board a moving car.

█ Several instructions requested by defendants were refused. The first was that the law presumes that the motorman and conductor were using ordinary care in the operation of the car, and that the presumption must be overcome by evidence. While the instruction was not improper it was, we think, sufficiently covered by the charge that the mere happening of the accident, or that injuries were sustained, raised no presumption of negligence.

█ The second stated that defendants were not required to affirmatively prove contributory negligence if such negligence was proved by plaintiff's testimony. The jury was repeatedly told in substance by other instructions that where contributory negligence may be inferred from the evidence offered by plaintiff it is not incumbent upon the defendants to prove the same. This was sufficient.

█ The court also refused an instruction that the evidence established the fact that the car was a "low platform car", and that the testimony of any witness who appeared to have testified falsely to the contrary should be regarded with distrust. Several instructions respecting matters to be considered in determining the credibility of witnesses, and how the presumption that a witness speaks the truth

might be repelled, were given. These covered the point, and the refusal was not prejudicial.

After an examination of the entire record including the evidence we are satisfied that the conclusions of the jury were fairly sustained, and that no error or misconduct has been shown which would warrant a reversal of the judgment.

The judgment is affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 15, 1933.