[Civ. No. 11174.   First Appellate District, Division One.—November 23, 1940.]

ELLA HYMAN, Appellant, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Respondents.

Philander B. Beadle for Appellant.

John J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, William M. Abbott, Cyril Appel and Ivores R. Dains for Respondents.

Thos. J. Straub and W. R. Dunn, as *Amici Curiae*, on Behalf of Respondents.

PETERS, P. J.—Plaintiff brought this action for injuries alleged to have been received in a collision between a streetcar owned and operated by the defendant Market Street Railway Company, on which she was riding as a passenger, and a Municipal Railway streetcar owned and operated by the defendant City and County of San Francisco. From a judgment in favor of the two defendants, entered upon a jury verdict, plaintiff prosecutes this appeal.

The collision occurred at the intersection of Market, McAllister and Jones Streets in San Francisco at about 7:00 o'clock P. M. on the evening of September 11, 1937. The Market Street Railway car on which plaintiff was riding as a passenger was proceeding into Market Street eastbound, and the Municipal car was proceeding out Market, westbound. The motorman of each car testified that his car was at a complete stop when the other car ran into it. Passengers on each car corroborated the story of the motorman of their car. There was nothing to obstruct the view. Neither car was seriously damaged. The front window of the Municipal car was broken, the front step damaged, and the car dented. The Market Street Railway car had its front fender damaged.

Plaintiff testified that she was sitting in the rear section of the Market Street Railway car; that as a result of the impact she was thrown from her seat onto the floor and sustained shock and bruises from which she had not fully recovered at the time of the trial in January, 1939. She was taken to the Emergency Hospital by ambulance, and then to her home. She testified that after the collision she observed she was bleeding, and called for a doctor; that thereafter she does not remember anything until she reached the Emergency Hospital.

The evidence of permanent injury was sharply conflicting. Plaintiff's doctor testified that she had suffered a fractured vertebra, shock, contusions and bruises that had kept the plaintiff in bed for many months, and finally required hospitalization. Many doctors called by the defendants testified that all plaintiff's complaints as to permanent injury were due to arthritis and obesity.

Respondents, in support of the judgment, contend that, upon the record, the jury could have concluded that plaintiff was not injured on the streetcar. The conductor of the Market Street Railway car testified that, in his position on the rear of the car, he was looking forward, but observed no one fall to the floor, nor was any complaint made to him, nor did he observe anyone injured. Mrs. Banks, a passenger on the car, testified that she was sitting in the front section; that several minutes after the collision she walked to the rear of the car; that she neither saw nor heard anyone making any complaint of injury, on or off the car. Respondents contend that under the rule that a fact may be established by negative testimony, the above-summarized testimony sustains the implied finding of the jury that the appellant was not injured in the collision. This contention is unsound. It is not disputed that there was a collision between the two cars at the time appellant claims to have been injured. The records of the Emergency Hospital show that appellant was brought to the hospital in an ambulance from Jones and Market Streets; that the accident in which the appellant was injured was stated in the records to have arisen out of collision of streetcars; that she was brought to the hospital at 7:10 P. M. and released at 7:30 P. M., that the diagnosis was a contusion of the right arm and nose. Furthermore,

a policeman testified that shortly after the accident the motorman of the Market Street Railway Company car had told him a woman was injured on that car. Defendant Market Street Railway Company admitted that plaintiff was a passenger. Under these circumstances the record is susceptible of but one interpretation—that appellant was on the car, and was injured in the collision. The extent of such injury is another matter.

Obviously, the motorman of at least one of the two streetcars was negligent. There was no evidence that the collision occurred as the result of unavoidable accident. Both cars obviously were not at a standstill when the accident occurred. One, or both, of the motormen were not watching ahead.

Appellant's main attack on the judgment is based on the ground that many of the instructions were prejudicially erroneous. With this contention we agree. It should also be mentioned that an examination of the instructions shows a large number of clerical errors that could not but have confused, if they did not, in fact, mislead the jury.

■ The trial court instructed the jury that plaintiff could not recover medical, hospital or drug bills incurred by her as a result of the accident, for the reason that the evidence shows that plaintiff is married and under the law the husband alone can recover such items. All evidence as to such damage was stricken from the record. This was clearly error. This case was tried before the decision of this court in *Purcell* v. *Goldberg*, 34 Cal. App. (2d) 344 [93 Pac. (2d) 578]. In that case it was held that a married woman living with her husband may recover such special damage in an action prosecuted by her alone. That case interpreted section 370 of the Code of Civil Procedure to permit a married woman to recover consequential, as well as direct, damages.

■ The trial court instructed the jury that the verdict should be for defendants if the jury believed the collision resulted from unavoidable accident. There was no direct or indirect evidence that the collision was the result of an unavoidable accident. The instruction, under the facts, was clearly misleading to the jury, and the giving of it was error prejudicial to appellant. (*Scandalis* v. *Jenny*, 132 Cal. App. 307 [22 Pac. (2d) 545].)

■ Appellant also complains of the refusal of the trial court to give what was, in effect, a *res ipsa loquitur* instruc-

tion submitted by her. This instruction applied only to the respondent Market Street Railway Company. It has been held that this doctrine is applicable to a passenger injured on a streetcar or railroad. (*Osgood* v. *Los Angeles etc. Co.*, 137 Cal. 280 [70 Pac. 169]; *Boone* v. *Oakland Transit Co.*, 139 Cal. 490 [73 Pac. 243]; *Kline* v. *Santa Barbara etc. Ry. Co.*, 150 Cal. 741 [90 Pac. 125]; *Mudrick* v. *Market Street Ry. Co.*, 11 Cal. (2d) 724 [81 Pac. (2d) 950, 118 A. L. R. 533].) In the first of the above-cited cases plaintiff was injured, as in the instant case, in a collision between cars of two companies. The court upheld the propriety of an instruction which was in effect a *res ipsa loquitur* instruction as against the defendant on whose car plaintiff was riding as passenger.

The instruction refused in the present case is the same instruction upheld in the Kline and Boone cases, *supra*. It is true that there are several cases in which this instruction has been criticized. (*Steele* v. *Pacific Elec. Ry. Co.*, 168 Cal. 375 [143 Pac. 718]; *Wyatt* v. *Pacific Elec. Ry. Co.*, 156 Cal. 170 [103 Pac. 892]; *Gray* v. *Los Angeles Ry. Corp.*, 69 Cal. App. 123 [230 Pac. 970].) In the Steele and Gray cases judgments for the plaintiffs were reversed for error in giving the instruction, and in the Wyatt case judgment for defendant was affirmed over the objection that the instruction should have been given. But these three cases all involved situations where the passenger was injured in alighting from a streetcar, and the question of fact presented was whether the passenger was guilty of contributory negligence in getting off a moving car, or was injured as a result of the improper operation of the streetcar. All that these three cases held was that, where such an issue of fact is presented, it is improper to give the instruction. We have been referred to no case holding that where, as in the instant case, no issue of contributory negligence is presented, the instruction should not be given. The cases first cited definitely establish that such instruction, where no issue of contributory negligence is presented, should be given. The mere fact that the alleged injury arose as a result of a collision between two vehicles, one of which was not under the control of the defendant operating the vehicle on which the plaintiff was riding as a passenger, in no way changes the rule that the instruction should be given. (*Housel* v. *Pacific Elec. Ry. Co.*, 167 Cal.

245 [139 Pac. 73, Ann. Cas. 1915C, 665, 51 L. R. A. (N. S.) 1105] ; *Formosa* v. *Yellow Cab Co.*, 31 Cal. App. (2d) 77 [87 Pac. (2d) 716, 25 A. L. R. 690, 82 A. L. R. 1163].)

Appellant also objects to several other instructions, mainly upon the ground that they are misleading, confusing and unintelligible. While it is true that the form of these challenged instructions cannot be approved, it also appears that most of the objections are based upon certain typographical errors which doubtless will be corrected before the instructions are given on the retrial. Discussion of these instructions in this opinion, therefore, is unnecessary.

As already indicated, the evidence as to the seriousness of the injuries received by appellant is sharply conflicting. The evidence produced by respondents supports the implied finding that the injuries were superficial, and that no permanent injury resulted. But that appellant was injured in the collision and suffered some damage as a result thereof cannot be successfully disputed.

The judgment appealed from is reversed.

Knight, J., and Goodell, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 23, 1940, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1941. Curtis, J., and Edmonds, J., voted for a hearing.