[Civ. No. 12977.   First Dist., Div. One.   Mar. 26, 1946.]

JEAN MIDDLETON et al., Respondents, v. CALIFORNIA STREET CABLE RAILWAY COMPANY et al., Appellants.

Cooley, Crowley, Gaither & Dana and Cooley, Crowley & Supple for Appellants.

Oliver Dibble, Samuel I. Jacobs, Elmer P. Delany and James A. Himmel for Respondents.

WARD, J.—Defendants appeal from an order granting a new trial after a jury had rendered a verdict in their favor in two actions, consolidated for trial and appeal, involving personal injuries to plaintiffs, a mother and daughter, who were injured while they were passengers for hire on defendant California Street Cable Railway Company's system. The

other defendants, Hall and Hill, are respectively the gripman or operator of the cable car and the conductor.

The plaintiffs were mother and an adult daughter, who were riding home from church about noon one Sunday. The plaintiffs produced evidence to show that they were standing in the space behind the gripman, the mother on the inside and the daughter on the outside, to the gripman's left; that the speed of the cable car increased as it progressed on Pine Street toward the curve at Hyde Street; that as the car went around the curve the car seemed to jerk their feet from under them and they were thrown off the platform, thereby sustaining severe injuries. The defendants produced evidence to show that there were seats available; that the car proceeded at its usual speed around the curve, 2 to 5 m.p.h., after having come to a full stop when letting go of the cable in order to make the curve; that the gripman shouted his usual warning as he approached the curve; and that the mother was on the outside and the daughter on the inside of the platform; and that there was no unusual movement of the car immediately preceding the accident. The gripman further testified that he saw the two plaintiffs tighten their grips on the hand bar as he shouted the usual warning.

The motion of plaintiffs for a new trial specified all the statutory grounds except misconduct and excessive damages. The order granting the motion for a new trial did not specify insufficiency of the evidence as a ground upon which the order was based; therefore on appeal it must be conclusively presumed that the order was not based upon that ground. (Code Civ. Proc., § 657.) The failure of the trial court to specify the particular ground or grounds upon which the order was made forces the appellate court by a process of elimination to attempt to determine the error or errors which prompted the trial judge to grant the new trial. Appellants in the opening brief state "The Court ruled that error was committed in the instance of one instruction and granted a new trial on that ground." They thereupon confined their opening argument to the one instruction. Respondents claim that the above statement is untrue and refer to additional instructions as erroneous. No irregularity in the proceedings, such as the improper admission of evidence, the inadequacy of the pleadings, the omission to serve respective parties, abuse of discretion by the trial judge, etc., has been called to the court's attention, and an examination of the record does not

reveal any such error which would have justified the granting of the new trial. Consequently the discussion herein will be limited to the points raised by appellants and respondents. Each allegedly erroneous instruction will be considered in order to guide the trial court in the new trial necessitated by the conclusion reached herein.

The first disputed instruction given at the request of defendants reads: "A passenger on a street car is not entitled to recover damages, if any, sustained by a fall from or upon a street car caused by movement of said street car, unless you find that such movement, if any, was unusual, unnecessary, and violent." Throughout the arguments defendants are pleased to refer to the "fall from the street car," whereas plaintiffs seem delighted to use the expression "thrown from the car." The word "thrown" is used in the complaint. One of the plaintiffs testified that the car was traveling at an excessive speed and her feet seemed to jerk from under her. The second plaintiff, on account of a nervous affliction from which she was suffering prior to the accident, did not testify. All other witnesses either refrained from corroborating the plaintiff or in substance testified that there was no unusual movement or speed of the car, or any violence in its operation.

■ Where personal injury is caused to a passenger for hire of a common carrier by some movement of the carrier, an inference of negligence on the part of the carrier may be drawn by the jury in the absence of a showing that the movement occurred through no negligence of the carrier. On the basis of plaintiff's testimony as to causation, the jury was properly instructed on this res ipsa loquitur situation. (*Waite* v. *Pacific Gas & Elec. Co.*, 56 Cal.App.2d 191 [132 P.2d 311]; *Mudrick* v. *Market Street Ry. Co.*, 11 Cal.2d 724 [81 P.2d 950, 118 A.L.R. 533].) It is contended by defendants that the disputed instruction does not deal with the subject of res ipsa loquitur, but is only a statement of substantive law. Defendants state: "It had nothing to do with that. Obviously, the plaintiffs, as passengers, made out a *prima facie* case upon their showing that they were injured by a movement of the car while it was being operated by defendants. The sole effect of the inference was to support and corroborate plaintiff Jean Middleton's testimony about an unusual speed and lurch." If the instruction was related to and connected with the instructions on res ipsa loquitur, under the decisions in this state it was erroneous. If it could be disconnected

from the res ipsa loquitur instructions it raised a false legal test of what plaintiffs as passengers for hire of a street railway system were required to prove in order to recover. ▮ Disregarding, for the moment, res ipsa loquitur, in a factual case similar to the present the test of liability is not whether there was an *unusual* lurch or jerk but rather was the movement causing the injury attributable to the negligence of the defendants. A usual motion may or may not be due to the negligent operation or maintenance of a mechanical instrument. An unusual motion more likely may be the result of faulty maintenance or reprehensible operation. In either case the movement can be caused by negligence, and the carrier is in a better position to explain the cause of the movement than the passenger for hire. ▮ In brief, in view of the testimony of one plaintiff an instruction embodying the doctrine of res ipsa loquitur was proper. The quoted instruction was in conflict with the res ipsa loquitur instruction. If defendants had a right to adopt their own theory, the instruction was still erroneous because a usual movement may be a negligent movement depending upon the circumstances surrounding the incident, and, in the absence of an explanation the inference permitted under res ipsa loquitur can support a verdict without proof of unusual movement. In *Mudrick* v. *Market Street Ry. Co., supra,* three instructions were given relative to res ipsa loquitur without using the word ''unusual'' in reference to the movement or operation of the streetcar. The court said (p. 730) : ''Defendants contend that these instructions as given incorrectly apply the rule of *res ipsa loquitur* in this case, and that the word, 'unusual' should have been inserted before the words, 'operation' and 'movement' as indicated by the instructions as set forth above.'' In the Mudrick case the court referred to *Steele* v. *Pacific Elec. Ry. Co.,* 168 Cal. 375, and stated (p. 733) [143 P. 718] : ''Defendants seize upon the word, 'unusual' as used by the court in the above statement, and contend that the court has by its use determined that before the rule of *res ipsa loquitur* can be applied in a case where a passenger is injured by the movement of a street car, he must show that the movement was an unusual one. Evidently in the language used, the court simply followed the wording of the instruction which contained the word, 'unusual.' We have been cited to no other authority which holds that the movement of a car which inflicts injury upon a passenger must be shown to be an unusual move-

ment before the rule of *res ipsa loquitur* can be applied. We have already referred to the cases of *Wyatt* v. *Pacific Elec. Ry. Co., supra,* [156 Cal. 170 (103 P. 892)], and *Steele* v. *Pacific Elec. Ry. Co., supra,* [168 Cal. 375 (143 P. 718)], where the true rule is announced and where there is no mention or any intimation which supports defendants' contention.'' In addition, in the Mudrick case the court explains or distinguishes *Lynch* v. *Market Street Ry. Co.,* 130 Cal.App. 433 [19 P.2d 1009], and *McIntosh* v. *Los Angeles Ry. Corp.,* 7 Cal.2d 90 [59 P.2d 959]. Appellants stress the decision in *Jorgensen* v. *East Bay Transit Co.,* 46 Cal.App.2d 189 [115 P.2d 556]. This case, decided in 1941, does not note the holding in the Mudrick case, decided in 1938. The instructions offered in the Jorgensen case were subject to the same objections as those in *Steele* v. *Pacific Electric Ry. Co.,* considered in the Mudrick case. Although the holding in the Mudrick case is a departure from the prevailing view in many other jurisdictions, it is controlling on an intermediate appellate court in California. (*Hyman* v. *Market Street Ry. Co.,* 41 Cal.App.2d 647 [107 P.2d 485]; *Waite* v. *Pacific Gas & Elec. Co., supra.*) In addition, the cases cited by appellants from other jurisdictions apparently did not use the conjunctive form ''unusual, unnecessary and violent movement.'' The conjunctive form of expression puts a greater burden of proof upon the passenger.

█ For the foregoing reasons the instruction is erroneous. Consequently, on motion for new trial it was the duty of the trial court to determine whether it was prejudicially erroneous. In *Nance* v. *Fresno City Lines, Inc.,* 44 Cal.App.2d 868, 872-873 [113 P.2d 244], the court said: ''It is well established that, in passing on a motion for a new trial, a trial judge is as firmly bound by this constitutional provision as is an appellate court when the cause is on appeal. It is his duty to sit as a thirteenth juror and weigh the evidence, pass upon its sufficiency and consider the credibility of witnesses. This is true even though he does not specify the insufficiency of the evidence as one of the grounds for granting a new trial because the Constitution contains the direction that he shall not grant a new trial because of errors in instructions to the jury until he has re-examined the entire cause and shall have formed the opinion that the errors complained of have resulted in a miscarriage of justice. (Sec. 4½, art. VI, Const.; *Olinger* v. *Pacific Greyhound Lines,* 7 Cal.App.2d 484 [46 P.2d 774]; *Clippinger* v. *Reiss,* 17 Cal.App.2d 604 [62 P.2d

418]; *Sassano* v. *Roullard*, 27 Cal.App.2d 372 [81 P.2d 213].) In considering a similar question in *Bieser* v. *Davies*, 119 Cal. App. 659 [7 P.2d 388], this court said: 'On this appeal we think we must indulge in the presumption that the trial court obeyed this mandate of the Constitution and considered the whole record in the case and decided that the giving of the instruction was prejudicial and did result in a miscarriage of justice.' " (See, also, *Gardner* v. *Marshall*, 56 Cal.App.2d 62 [132 P.2d 833]; *Abercrombie* v. *Thomsen*, 59 Cal.App.2d 331 [138 P.2d 701]; *Scott* v. *Renz*, 67 Cal.App.2d 428 [154 P.2d 738].) ■ From an examination of the record, though the evidence may have justified the jury's verdict, the jury having seen and heard the witnesses, etc., the record in cold type would have warranted a verdict for either plaintiffs or defendants. Under such circumstances it cannot be held that the trial judge abused the discretion which the law imposes upon him. (See *Bieser* v. *Davies*, 119 Cal.App. 659 [7 P.2d 388].)

■ There is no merit in the plaintiffs' contention that the court should not have instructed on the theory of unavoidable accident. Cable cars running west to operate on tracks running north, must turn corners or curves; a certain amount of centrifugal force is bound to be generated; the jury could have believed that even though both parties exercised their respective duties of care, the accident happened as a result of the ordinary and necessary incidents of cable car operation. ■ Neither is there merit in plaintiffs' claim that the court erred in instructing on contributory negligence in view of all the circumstances of the case. ■ The propriety of an instruction relative to the defendant's not being an insurer is questionable. The use of the word "insurer" is generally inadvisable as it may be misunderstood by the jury. The word "guarantor" seems preferable. If litigants persist in the use of the word "insurer," then the instruction designated 204-D, Palmer's California Jury Instructions, Civil, page 298, seems to be a safer form to use. No doubt on a retrial, this instruction will be reframed to indicate to the jury that it was not intended that "insurer" meant anything except to make it clear to layman jurors that the high duty of care imposed on common carriers does not rise to the degree of a guarantee.

The order appealed from is affirmed.

Peters, P. J., and Knight, J., concurred.