[Civ. No. 13267. First Dist., Div. Two. Apr. 18, 1947.]

ILMA DEMPSEY et al., Appellants, v. MARKET STREET RAILWAY COMPANY (a Corporation), Respondent.

George Olshausen and John K. Hagopian for Appellants.

Jesse H. Miller and Cyril Appel for Respondent.

DOOLING, J.—This is a second appeal, the Supreme Court having affirmed an order granting a new trial after a verdict and judgment for defendant in *Dempsey* v. *Market Street Railway Co.*, 23 Cal.2d 110 [142 P.2d 929]. The second trial resulted in a verdict for defendant and plaintiffs, who are husband and wife, testified that they boarded a streetcar operated by defendant and walked through the car to the front platform, Mrs. Dempsey preceding her husband, and that when Mrs. Dempsey was about to step down to the motorman's platform from the main body of the car the car stopped with a sudden and violent jerk, throwing her forward onto the floor and causing the injuries complained of.

Plaintiffs proposed several instructions on res ipsa loquitur which the court refused to give. That this refusal was not an oversight is made clear by the following colloquy between counsel for plaintiffs and the court:

"Mr. Hagopian: May I call your Honor's attention to the fact that you probably overlooked some res ipsa loquitur instructions.

"The Court: No, I have considered that."

It was error to refuse instructions on the doctrine of res ipsa loquitur. ▪ When a passenger on a common carrier is injured as a result of the manner in which the carrier is operated an inference of negligence arises under the doctrine of res ipsa loquitur. (*Rystinki* v. *Central California T. Co.,* 175 Cal. 336, 344 [165 P. 952]; *Mudrick* v. *Market Street Ry. Co.,* 11 Cal.2d 724, 730 et seq. [81 P.2d 950, 118 A.L.R. 533]; *Lynch* v. *Market Street Ry. Co.,* 130 Cal.App. 433, 438-439 [19 P.2d 1009]; *Middleton* v. *California St. Cable Ry. Co.,* 73 Cal.App.2d 641, 644 [167 P.2d 239].)

Defendant argues that the case was not one for the application of the res ipsa loquitur doctrine, because plaintiffs' evidence, if believed, established the cause of the accident. This argument merits little comment. Plaintiffs testified only to a sudden and violent stopping of the car. The case is the typical one for the application of the res ipsa doctrine. (See cases cited, *supra.*)

▪ It is also argued that the court substantially instructed the jury on res ipsa loquitur in the following instruction:

"If you find from the evidence that plaintiff, Ilma Dempsey, was a passenger on the car of defendant and was proximately injured by being thrown to the front platform of the defendant's street car on which she was a passenger, by reason of the sudden and violent jerking of said car while it was being operated along and upon Haight Street in the City and County of San Francisco, if such you find to be the facts, and if you find from the evidence that said jerking was due to the manner in which the said car was being operated and stopped; *and if you further find from the evidence that in the exercise of the highest degree of care and caution for the safety of passengers upon said car, said car should not have been operated and stopped in the manner in which it was operated and stopped,* and that the plaintiff, Ilma Dempsey, did not by her negligence proximately contribute to said accident and her injuries, if any, then I instruct you that your verdict must be in favor of the plaintiff, Ilma Dempsey, and against the defendant, Market Street Railway Company."

We have italicized certain language from this instruction. This italicized language instructed the jury, in effect, that they must find "from the evidence" that in the exercise of

the care required of it defendant should not have stopped the car in the manner in which it was stopped in order to bring in a verdict for plaintiffs. This is not a res ipsa loquitur instruction but the exact converse. It is the crux of the res ipsa loquitur doctrine as applied to this type of case that where the injury occurs from the manner in which the car is operated the inference of negligence arises. The jury, in the absence of explanation, is entitled to infer that in the exercise of the requisite care the car would not have been operated in such a manner as to bring injury upon the plaintiff. Far from so instructing the jury in the quoted instruction, the court told the jury only that if they found *from the evidence* that the car would not have been so operated in the absence of defendant's negligence a verdict for plaintiffs was proper. They were nowhere instructed that the fact that Mrs. Dempsey was injured by the manner in which the car was operated itself raised the inference, i. e. was in itself evidence of the carrier's negligence. A comparison of the instruction given with the three instructions approved by the court in *Mudrick* v. *Market Street Ry. Co. (supra)*, 11 Cal. 2d 724, 730, will point up the essential difference in the instruction given and a correct res ipsa loquitur instruction.

 Finally defendant argues that the error in refusing instructions on res ispsa loquitur was not prejudicial. It was one of defendant's points on the trial that Mrs. Dempsey was not injured on their car at all and this theory was covered by certain instructions to the jury. The evidence on this question was circumstantial but in our judgment sufficient to take that question to the jury. The accident was not reported to defendant until the lapse of several days. Every operator of a car on that route whose car passed the point where the injury is alleged to have occurred within reasonable limits of time fixed by plaintiffs at the time of Mrs. Dempsey's injury was called as a witness and testified that the car operated by him on that run was not stopped with unusual suddenness or otherwise than normally. Plaintiffs testified that on the car on which Mrs. Dempsey was injured there was a certain type of railing behind the motorman. Defendant's witnesses testified that no car on that run was equipped with this type of railing. This evidence, though circumstantial, was sufficient to support an inference by the jury, if they saw fit to draw it, that Mrs. Dempsey was not injured on a car on that street despite her testimony and that of her husband that she was.

Defendant takes the position that the only question actually litigated before the jury was the question whether Mrs. Dempsey received her injuries on one of their cars at all and says that if plaintiffs' testimony was believed by the jury defendant's negligence was practically conceded. An examination of the transcript does not support this statement. The jury was very fully instructed on negligence and proximate cause and was expressly instructed that no verdict could be returned for plaintiffs if the jury did not find that Mrs. Dempsey's injuries were proximately caused by defendant's negligence. The issue of negligence having been submitted to the jury we cannot know whether they decided the case on that issue. If they did decide the case on that issue it was prejudicial error to deprive plaintiffs of the benefit of the res ipsa loquitur doctrine.

Plaintiffs proposed the following instruction which the court refused to give:

"You are instructed that the law makes no requirement that a passenger who is injured by a common carrier should give any notice of the injury before filing suit."

One of the facts relied upon by defendant in its defense that Mrs. Dempsey's injuries were not received on its car as claimed was the failure of plaintiffs to give any notice to the operators of the car. The proposed instruction is a correct statement of law and should have been given. Defendant was entitled to, and doubtless did, argue the unlikelihood of plaintiffs leaving the car without in any way notifying the operators of Mrs. Dempsey's painful injuries. But plaintiffs were entitled to have the jury instructed that there was no duty imposed on them by law to give such notice.

Judgment reversed.

Nourse, P. J., and Goodell, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 17, 1947. Shenk, J., and Traynor, J., voted for a hearing.