[Civ. No. 16829.   First Dist., Div. Two.    Aug. 10, 1956.]

HELEN TAIT, Appellant, v. CITY AND COUNTY OF
SAN FRANCISCO, Respondent.

James C. Purcell and Michael Riordan for Appellant.

Dion R. Holm, City Attorney, and Richard Saveri, Deputy City Attorney, for Respondent.

THE COURT.—This is a personal injury action by a passenger on one of defendant's trolley cars who allegedly was injured when the car was stopped with a violent jerk. The verdict was for defendant, a motion for a new trial was denied and plaintiff appeals on the grounds of insufficiency of the evidence to justify the verdict and errors of law, mainly as to instructions. We have concluded that the judgment on the verdict must be affirmed.

Plaintiff and two lady friends of hers, Mrs. Parliman and Miss Burns were in the evening rush hour of May 26, 1953, traveling on a line 41 trolley car from their place of work at the Southern Pacific office to a dinner meeting. Plaintiff and Mrs. Parliman were seated on the longitudinal bench immediately behind the front door of the car, Miss Burns on a bench somewhat deeper inside the bus. When the bus neared the stop in Union Street where they had to alight plaintiff left her seat and placed herself near the front

entrance of the bus holding a vertical stanchion with her right hand. Mrs. Parliman also stood up; she gripped a horizonal bar above the longitudinal bench. Plaintiff was standing when the bus turned into Union Street; she released her hold on the stanchion before the car came to a final stop. As to what happened when the bus stopped there is some conflict in the testimony of plaintiff and her witnesses. Her own testimony was that she released her grip when the bus first stopped but that it immediately moved up somewhat further into the bus zone, that when the bus started up again she again grasped the stanchion and that the bus thereafter stopped for the second time with such a jerk that a foot went out under her and that the pull to her right arm, with which she held fast and prevented a fall, injured her right shoulder. However, in her deposition she had stated that she released her hold on the stanchion when they were coming into the bus loading zone and that when the operator stopped again with a sudden jerk she grabbed the stanchion to keep from being thrown down the stair well. She also told the witness for defendant, Dr. Sirbu, that as a result of a sudden stop she was forced to grab a bar and prevent herself from falling. Mrs. Parliman testified that there was only one big stop and that in that stop plaintiff received the motion. The three lady witnesses agreed that they felt a jolt, that nobody in the crowded bus, where many were standing, fell or complained of being injured, that plaintiff and her friends did not speak to the driver of the bus about the jolt or injury, that they did not note how the driver looked, or took his number or the number of the bus. Although plaintiff complained to her friends after alighting from the bus, she attended the dinner meeting where the movement of her arm was somewhat impaired. She continued her work the rest of the week (May 26, 1953, was a Tuesday) and only on Monday, June 1st, she went to the outpatient department of the Southern Pacific Hospital where swelling and strain of muscles and ligaments of the right shoulder were found complicated by old calcification in a bursa. On said June 1st she first made a report to the municipal railway. The accident investigator to whom the claim was assigned testified that no other report of any happening on that line around the time given had been made, that all drivers who could have been involved, taking 15 or 20 minutes on either side from the time given, had been interviewed and none had any knowledge of any such happening. Dr. Sirbu, chief of the orthopedic service of Mount

Zion Hospital who examined plaintiff at the request of the city and county on September 24, 1953, and who examined her records of the Southern Pacific Hospital, found at the time of the examination no defects except some old arthritis and found from the above records which were introduced in evidence that plaintiff a few years prior to the alleged injury had been treated for bursitis or tendonitis of the same shoulder. It was his impression that she sprained her shoulder by grabbing the pole, that perhaps that bursitis or the underlying basis was present before the accident, and that the accident perhaps flared it up. The bursitis was related to the arthritis.

Appellant relies on the inference of negligence based on res ipsa loquitur which arises when a passenger of a common carrier is injured as the result of a movement of the vehicle, and contends that said inference was not met by respondent, and also urges that there was no evidence on which contributory negligence could be predicated. As stated before, there is a conflict in the evidence as to what exactly happened at the moment that the bus finally stopped and appellant allegedly was injured. In support of the verdict we must assume that the jury believed the evidence most favorable to defendant, to wit that the bus stopped once only, that at that time plaintiff was not holding onto any of the bars provided for that purpose, that therefore she lost her balance when the bus stopped in a manner which did not have that effect on any other passenger, that she forcibly gripped the stanchion at the time only when she lost her balance and that the force exerted to hold her when one leg was already out from under her, injured her shoulder, which may have been specially vulnerable because of earlier bursitis. ▋ The jury could then hold that plaintiff was guilty of contributory negligence because she stood in the moving bus which was going to stop, without using as hand support the bars provided, and that the failure to hold to said bars proximately contributed to her injury. (*Gerfers* v. *San Diego Transit System,* 126 Cal.App.2d 733, 737-738 [272 P.2d 930]; *cf. Middleton* v. *California St. Cable Ry. Co.,* 73 Cal.App.2d 641 [167 P.2d 239].) As the finding of contributory negligence is sufficient to support the verdict for defendant, we need not determine whether the res ipsa inference was technically sufficiently met. (*Shultz* v. *Redondo Imp. Co.,* 156 Cal. 439, 440-441 [105 P. 118]; 4 Cal.Jur.2d 382.) ▋▋ From our holding that the evidence was sufficient to support the verdict on the basis of contributory negligence it also follows

that the trial court committed no error in refusing appellant's proposed instruction Number 9, which excluded contributory negligence from the issues to be considered by the jury, in giving instructions on said subject, of the formulation of which appellant does not complain, and in denying appellant's motion for a directed verdict.

Appellant predicates error on the refusal of the court to give on the subject of res ipsa loquitur her proposed instruction IA over and above her proposed instruction I on the same subject which was given. Instruction I, derived from BAJI Number 206 reads: "We now come to a certain doctrine of the law known as the doctrine of res ipsa loquitur. If you find that a certain accident happened to the plaintiff from the motion of the bus then there arises an inference that the proximate cause of the occurrence in question was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that it did, in fact, exercise the utmost care and diligence or that the accident occurred without being proximately caused by any failure of duty on its part." Instruction IA contained over and above certain matter fully covered by the above instruction I, the following which according to appellant was necessary to give the jury a good standard as to the burden imposed on defendant in meeting the res ipsa inference:

"This means that the law requires said defendant to show by substantial evidence (1) a definite cause for the accident in which no element of negligence on the part of said defendant inheres, or (2) to show by substantial evidence such care in all reasonable respects as necessarily leads to the conclusion that the accident could not have happened from want of the degree of care which the law imposes upon said defendant, but must be due to some unpreventable cause. In the latter care [sic] however, the care shown must be reasonably satisfactory in the sense that it covers all causes which due care on the part of the said defendant might have prevented.

"In any event, the explanation must be reasonably complete, and in this regard to be so complete it must be as broad as the inference of negligence which stems from said doctrine of res ipsa loquitur."

A language of similar tenor although not the same was first stated by the Supreme Court in denying rehearing in *Bourguignon* v. *Peninsular Ry. Co.*, 40 Cal.App. 689, 694-695 [181 P. 669], in which case an instruction had laid down a much stricter requirement for the rebuttal of the res ipsa inference. More recently the language of the Bourguignon case has twice been cited in cases where the facts clearly indicated negligence and defendant did not offer disculpatory evidence that must have been available to him. (*Dierman* v. *Provident Hospital*, 31 Cal.2d 290 [188 P.2d 12]; *Talbert* v. *Ostergaard*, 129 Cal.App.2d 222 [276 P.2d 880]) and twice in cases in which a passenger of a carrier was injured or killed as the result of an accident to the carrier's vehicle and in which the judgment for the defendant was upheld because the evidence showed that a third party caused the accident. (*James* v. *American Buslines*, 111 Cal.App.2d 273 [244 P.2d 503]; *Shackelford* v. *Mission Taxicab Co.*, 224 F.2d 857.) It does not appear that such language has ever been used as an instruction and certainly it is not a generally approved instruction like BAJI 206.

It has often been stated that language taken from an opinion may not always safely be given as an instruction to a jury. (E.g. *Hughes* v. *MacDonald*, 133 Cal.App.2d 74, 80 [283 P.2d 360].) ■ Even if a statement in an opinion is made as a general rule, such rule is drafted with the special case in mind and may in a different case prove to be inapplicable.

The stress laid by the proposed instruction on the requirement of completeness and covering all possible causes seems little appropriate in a case where the only negligence in issue was the stopping with a negligently violent jolt. There may also be a doubt of the desirability of using in an instruction the language "could not have happened" from want of care and "must be due" to some unpreventable cause, when in civil cases the rule of decision is a rule of probability only. (*Spolter* v. *Four-Wheel Brake Service Co.*, 99 Cal.App.2d 690, 693 [222 P.2d 307]; *Sanders* v. *MacFarlane's Candies*, 119 Cal.App.2d 497, 500 [259 P.2d 1010].) ■ At any rate, whether the proposed instruction was correct or not, the instruction I given sufficiently covered the subject of res ipsa in the customary way. Appellant was not moreover entitled to an instruction which more sharply expressed the law seen from the viewpoint of appellant but which would not necessarily further the fairness and good balance of the

instruction as a whole. (*McNulty* v. *Southern Pac. Co.*, 96 Cal.App.2d 841, 854-855 [216 P.2d 534]; *Chandler* v. *Benafel*, 3 Cal.App.2d 368, 371 [39 P.2d 890].)

Next appellant complains of the giving of the following instruction proposed by defendant:

"Now, some movement and swaying and/or some movement and swaying or otherwise is inherent and unavoidable in any moving car or bus; passengers in such cars must assume these ordinary risks when they voluntarily enter a car for the purpose of being transported therein and that any injury sustained by a passenger by such ordinary movements of the car cannot be attributed to the negligent operation of the car or bus."

■■ The language is adopted from *McIntosh* v. *Los Angeles Ry. Corp.*, 7 Cal.2d 90 at 96 [59 P.2d 959]. Although somewhat garbled in the process, it states its evident intention, to wit, to distinguish between ordinary and inherently unavoidable movements of the car, by swaying or otherwise, of which the passenger must bear the risk, and movements caused by negligent operation of the car, for which the carrier is liable, with sufficient clarity not to confuse the jury. Appellant contends that this rule is in conflict with the res ipsa principle stated in the instruction I, *supra*, which is an instruction correct under the authorities (*Hardin* v. *San Jose City Lines, Inc.*, 41 Cal.2d 432, 436 [260 P.2d 63]; *Mudrick* v. *Market Street Ry. Co.*, 11 Cal.2d 724, 731-734 [81 P.2d 950, 118 A.L.R. 533]). The contention is without merit. In the Mudrick case it is pointed out (p. 734) that there is no conflict between the two rules and such is clear as the rule of the McIntosh case relates to the substantive liability of the carrier, the applicability of res ipsa loquitur to the proof. The rule taken from the McIntosh case, to which reference is also made in *Dempsey* v. *Market Street Ry. Co.*, 23 Cal.2d 110, 112 [142 P.2d 929] is still good law and the giving of an instruction on it seems appropriate under the circumstances of this case. The holding of *Middleton* v. *California St. Cable Ry. Co.*, 73 Cal.App.2d 641 [167 P.2d 239], on which appellant relies, is not in conflict with the above. It affirmed the granting of a new trial because of error in giving an instruction reading: "A passenger on a street car is not entitled to recover damages, if any, sustained by a fall from or upon a street car caused by movement of said street car, unless you find that such movement, if any, was unusual, unnecessary and violent." The instruction in-

correctly limited the right of recovery of the passenger much more than the one here under consideration.

Appellant's further contention that the instruction complained of assumed a fact not in evidence because it omitted the customary "if you find" is without merit. The instruction which referred to "any car" evidently gave a general rule and it is most improbable that it would have been misunderstood by the jury as an indication of the court's opinion that the movement which in this case allegedly injured plaintiff was an unavoidable one.

Judgment affirmed.

Appellant's petition for a hearing by the Supreme Court was denied October 4, 1956. Carter, J., was of the opinion that the petition should be granted.